UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-22116 (ASD) |
| | ) | |
| SHARON MARIA McKINNEY, | ) | CHAPTER 7 |
| | ) | |
| DEBTOR | ) | RE: ECF Nos. 28, 40 & 42 |

**BRIEF MEMORANDUM AND ORDER
ON DEBTOR'S MOTION TO VACATE DISCHARGE
AS TO WELLS FARGO AUTO FINANCE ONLY
AND
ON MOTION TO VACATE ORDER DISAPPROVING REAFFIRMATION AGREEMENT
AND REQUEST FOR COURT CONSIDERATION OF REAFFIRMATION**

The Debtor, on June 22, 2010, commenced this bankruptcy case through the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code. She received her discharge (hereafter, the "Discharge") on October 6, 2010.

On September 9, 2010, the Debtor filed a *Reaffirmation Agreement* (hereafter, the "Agreement"), ECF No. 28, seeking to reaffirm a debt with Wells Fargo Auto Finance (hereafter, "Wells Fargo").[1] A hearing to consider the Agreement, at which the Debtor failed to appear, was held on September 30, 2010, following which the Court entered an *Order Disapproving Reaffirmation Agreement*, ECF No. 34 (based upon the Debtor's failure to appear).

On October 14, 2010, the Debtor filed a *Motion to Vacate Discharge of Debtor . .*

---

[1] In the Agreement the relevant debt is stated as $4,041.14. The collateral securing the debt is described as a 2000 Jeep Wrangler with a current market value of $9,850.00 resulting in no real possibility of a deficiency judgement upon an unlikely default. Pursuant to the Agreement the annual percentage of interest of 12.25% has been reduced to 8.00% resulting in more favorable repayment terms of $419.93 per month for 10 months.

. . (hereafter, the "Motion to Vacate Discharge"), ECF No. 40, requesting the Court to set aside the Discharge. On October 15, 2010, the Debtor filed a *Motion to Vacate Order Disapproving Reaffirmation Agreement and Request for Court Consideration of Reaffirmation* (hereafter, the "Motion to Reconsider Reaffirmation"), ECF No. 42. A hearing on the Motion to Vacate Discharge and the Motion to Reconsider Reaffirmation was held October 28, 2010.

By explicit statutory direction, a reaffirmation agreement is enforceable "only if – (1) such agreement was *made* before the granting of the discharge. . . . ", *inter alia*. 11 U.S.C. § 524(c)(1)(2006) (emphasis added); *see, e.g.*, *In re Collins*, 243 B. R. 217, 219 (Bankr. D. Conn. 2000). The present Agreement was executed by the Debtor and a representative of Wells Fargo on September 7, and 9, 2010, respectively – that is, it was "made" before the granting of the Discharge, and therefore, is enforceable.[2]

In the Court's view there is no question that in this case the Debtor is advantaged by this Agreement and that it should be approved. In the Motion to Vacate Discharge and Motion to Reconsider Reaffirmation the Debtor presumes that vacating the Discharge, followed by vacating the Order Disapproving Reaffirmation Agreement, followed by approval of the Agreement, provides the appropriate procedural path to permit the Debtor to retain her vehicle. The Court disagrees but only to the extent that vacating the

---

[2]In addition, the Debtor has certified that the Agreement " will not impose an undue hardship on my dependents or me", Agreement, Part D., ¶ 1, and therefore and otherwise there appears to be no presumption of undue hardship.

Discharge is proposed.[3]

**WHEREAS** the Court having determined, *inter alia*, that under the special circumstances presented in this matter (i) vacating the Discharge is neither necessary nor appropriate, and (ii) the Agreement represents a fully informed and voluntary agreement, is in the best interest of the Debtor, does not impose an undue hardship on the Debtor or any dependent of the Debtor, and should be approved,

**IT IS HEREBY ORDERED** that the Motion to Vacate Discharge is **DENIED**, and

**IT IS FURTHER ORDERED** that the Motion to Reconsider Reaffirmation is **GRANTED**, and

**IT IS FURTHER ORDERED** that the Order Disapproving Reaffirmation Agreement is **VACATED**, and

**IT IS FURTHER ORDERED** that the Agreement is **APPROVED.**

Dated: November 2, 2010                                              BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge

---

[3] Those courts that have favorably entertained motions seeking such relief have done so only under special and compelling circumstances. E.g., In re Edwards, 236 B.R. 124, 127 (Bankr. D. N.H. 1999) ("[t]his Court will not ordinarily vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements . . . .").